AARON A. BUCKLEY (SBN 202081)
abuckley@paulplevin.com
NICHOLAS P. BANEGAS (SBN 303581)
nbanegas@paulplevin.com
**PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile:  619-615-0700

Attorneys for Defendant
KNIGHTS OF COLUMBUS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DURAN, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>KNIGHTS OF COLUMBUS, a Connecticut corporation,<br><br>        Defendants. | Case No. 18-cv-05855<br><br>**DEFENDANT KNIGHTS OF COLUMBUS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO TRANSFER FOR** *FORUM NONCONVENIENS*<br><br>Date:        December 13, 2018<br>Time:        10:00 a.m.<br>Judge:       Hon. Vince Chhabria<br>Ctrm.:       4, 17th Floor<br>Trial Date:  Not Set |

# I.

# INTRODUCTION

Sorely lacking from Plaintiff David Duran's opposition is any explanation as to why, at great personal inconvenience, he decided to file a lawsuit in the Northern District of California despite the fact that neither he, nor a single named witness, nor a shred of relevant evidence, reside in the Northern District. Not a word of the Opposition is devoted to explaining why Duran did not file his action in the Southern District of California where he, his attorneys, and Defendant's attorneys all reside, and where **all the events alleged in his complaint occurred**. The lack of any such explanation speaks volumes. Duran is forum shopping.

The courtrooms and judges of the Northern District, are busy enough deciding the many cases rightfully filed by those who claim to have been injured within the district. The Northern District need not, and should not, devote its limited resources litigating controversies which should rightfully be decided elsewhere.

## II. ARGUMENT

**A.     Duran Misquotes The Forum Selection Clause**

It is well settled that once a defendant has challenged venue, "the burden is on the plaintiff to demonstrate that venue is proper." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1188 (N.D. Cal. 2017). Duran seeks to avoid this by arguing the forum selection clause in his Arbitration Agreement "allowed him to file anywhere in California" and then citing to a line of inapposite cases standing for the proposition that a forum-selection clause be "given controlling weight in all but the most exceptional cases.[1]" (DE 16 at 3) (citing *A. Marine Const. Co., Inc. v.*

---

[1] Duran argues the Court should evaluate KOC's attempts to enforce the Arbitration Agreement under a summary judgment standard but evaluate Duran's attempts to enforce the forum selection clause within that agreement under a lesser standard. This is, most obviously, not the law. *Hunt Wesson Foods, Inc. v. Sup. Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) ("interpretation of [a] forum selection clause" just like the interpretation of an arbitration agreement or any other contractual agreement, requires only "an analysis of the language and an application of the principles of contract interpretation").

DEFENDANT KNIGHTS OF COLUMBUS' REPLY MEMO OF POINTS & AUTHORITIES
RE MOTION TO TRANSFER FOR *FORUM NONCONVENIENS*

*U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59–60 (2013)).  The problem with Duran's argument is that the parties' forum selection clause, which KOC agrees is both valid and controlling, says no such thing.  As stated clearly in the text of their Arbitration Agreement, the parties agreed that all disputes between them "shall be submitted to binding arbitration in the state in which the Field Agent Contract was performed."  (DE 13-1 at 16).

A plain reading of this provision reveals that the parties' forum selection clause, while clearly mandating that the appropriate forum is California, is silent as to the appropriate venue within California.  If Duran would like controlling Supreme Court authority rejecting such an attempt to "improperly conflate the term 'venue' and the word 'forum'" he need look no further than the very case relied upon in his Opposition.  *A. Marine Const. Co., Inc.*, 571 U.S. at 56 (holding that federal statutory factors control the venue analysis, "in cases where a more specific venue provision does not apply"; see also *Goal Zero, LLC v. Cargo Freight Services, Ltd.*, 16-CV-04055-LB, 2016 WL 7406796, at *3 (N.D. Cal. Dec. 22, 2016) (holding that where a forum selection clause required that all disputes "be determined by the United States District Court in the State of Georgia" without specifying which district court in Georgia, the Court had to apply the statutory factors (such as the location of underlying events and witnesses), outlined in Sections 1391 and 1404, to determine the appropriate district).

Equally unavailing is Duran's argument that application of the factors outlined in Section 1404, such as convenience to the relevant witnesses, also weigh in favor of allowing this action to continue in the Northern District.  In an attempt to address the difficulties inherent in advancing his argument that it will be more convenient for witnesses to travel hundreds of miles to testify in a foreign venue than to do so in the venue where they live and work, Duran claims that there are, in fact, "many witnesses here in Northern California justifying the choice of venue."  (DE 16 at 5).  This argument is eviscerated in the following sentence when Duran points

2

to the declaration of his San Diego based attorney who, apparently, performed a Google search of KOC General Agents, and offers the resulting list as witnesses. (DE 16-1 at 2). Duran does not, because he cannot, identify any information that these "witnesses" might have relating to Duran's claims, nor does he even allege that they will participate in the litigation as class members. These "unnamed plaintiffs" even if they do exist, are not witnesses as a matter of law, and their residence in the Northern District cannot be considered as a basis for determining venue. *Shultz v. Hyatt Vacation Mktg. Corp.*, 10-CV-04568-LHK, 2011 WL 768735, at *7 (N.D. Cal. Feb. 28, 2011), ("[g]iven that there is no way to know now whether these putative class members will eventually play a role in this case, it would be unduly speculative to place significant weight on their convenience").

Equally unavailing is Duran's continued reliance on inapposite cases which stand for the general proposition that "Plaintiff's choice of this district is entitled to substantial weight." (DE 16 at 5). As stated in KOC's Motion, a class action plaintiff's choice of forum is not given substantial or "great weight" as that standard is only appropriate for a plaintiff bringing an individual action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Moreover, while a class plaintiff's choice is already entitled to less consideration, where no party or witness lives in the forum, and the forum is "unrelated to the events underlying the alleged [injury]", the district court should suspect forum shopping and disregard plaintiff's choice all together. *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 N.10 (9th Cir. 2009). Duran's forum shopping violates the very purpose of the federal venue statutes, and his choice of venue need not be considered by this Court. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183–184, (1979) (noting that "in most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial").

## III.  CONCLUSION

For all of the reasons explained above, Defendant Knights of Columbus respectfully requests that the Court enter an order transferring this action to the United States District Court for the Southern District of California for further proceedings.

Dated:  November 26, 2018        PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:  */s/  Nicholas P. Banegas*
AARON A. BUCKLEY
NICHOLAS P. BANEGAS
Attorneys for Defendant
KNIGHTS OF COLUMBUS

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2018, I electronically filed the foregoing

- **DEFENDANT KNIGHTS OF COLUMBUS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO TRANSFER FOR *FORUM NONCONVENIENS***

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| NICHOLAS & TOMASEVIC, LLP<br>Craig M. Nicholas<br>Alex Tomasevic<br>David R. Greco<br>225 Broadway, 19th Floor<br>San Diego, CA  92101<br>Tel.:    (619) 325-0492<br>Fax:    (619) 325-0496<br>Email: craig@nicholaslaw.org<br>Email: alex@nicholaslaw.org<br>Email: dgreco@nicholaslaw.org | *Attorneys for Plaintiff* |

_____
Leslie Rivera Mason